UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANNE WAUGH, ) <br> ) <br> Plaintiff. ) <br> ) <br> vs. ) <br> ) <br> JOHN E. POTTER, ) <br> Postmaster General of the United States ) <br> Postal Service, ) <br> ) <br> Defendant. ) | Case No: 4:06-cv-00827 (JCH) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant John E. Potter's Motion for Summary Judgment (Doc. 9), filed August 21, 2006. Plaintiff has not responded to this motion.

## **BACKGROUND**

By way of background, Plaintiff alleges that the United States Post Office committed employment discrimination against her in August, 2003. (Def.'s Memo. in Support of its Mot. to Dismiss, Doc. No. 10). Thereafter, Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC"), and filed a formal complaint on September 4, 2003. (Id. at Aff. 1 ¶ 7). On September 8, 2004, the EEOC rendered a Final Agency Decision finding that no discrimination occurred. (Id. at ¶ 9). Plaintiff appealed this decision to the Office of Federal Operations ("OFO") of the EEOC. (Id. at ¶ 10). On January 10, 2005, the OFO affirmed the EEOC's decision. (Id. at ¶ 11). On January 25, 2005, Plaintiff filed a request for reconsideration of the OFO's decision with the EEOC. (Id. at ¶ 12). On February 15, 2005, the EEOC denied the request for reconsideration and sent Plaintiff a copy of the denial. It informed her that she had ninety (90) days from the receipt of

1

this denial to file an action in a District Court. (Compl., Doc. No. 1 at Ex. 2). Plaintiff is presumed to have received this letter on February 18, 2005.[1]

Plaintiff filed this Title VII, 42 U.S.C. §2000e et seq., employment discrimination action on May 25, 2006. (Id.). Simultaneously, Plaintiff filed a motion explaining why she missed the filing deadline. Plaintiff claims that she could not file because she was caring for her ailing parents. (Mot. for Extension of Time to File Compl., Doc. No. 4).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not

---

[1] See Federal Rule of Civil Procedure 6(e). In Baldwin County Welcome Center v. Brown, the Supreme Court applied Rule 6(e)'s presumption to a right to sue letter. 466 U.S. 147, 148 n. 1 (1984). Rule 6(e) was amended after the Baldwin decision and some courts question whether it still applies to EEOC mailings such as the one at issue here. See DeFrancesco v. Weir Hazelton, Inc., 232 F.R.D. 454, 457-58 (E.D. Pa. 2005) (collecting cases and finding that the majority of authority still follows Baldwin). This Court believes Baldwin still applies.

2

the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## **DISCUSSION**

First, the issue of whether a suit is time-barred is a question of law and may be properly resolved at the summary judgment stage if there are no genuine issues of material fact in dispute. Hallgren v. United States Dep't of Energy, 331 F.3d 588, 589 (8th Cir. 2003). Here, no issues of fact are in dispute, and a summary judgment is proper.

A suit under Title VII against the federal government must be filed in a United States District Court "within 90 days of receipt of the [EEOC]'s final decision on an appeal." 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.407(c). This regulation, although not a jurisdictional requirement, is akin to a statute of limitations Moore v. Henderson, 174 F. Supp. 2d 767, 773 (N.D. Ill. 2001) and is subject to the defense of equitable tolling. Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 95-96 (1990). The ninety day period starts running upon plaintiff's receipt of the denial. Hallgren, 331 F.3d at 589. Equitable tolling is only appropriate when the circumstances causing a plaintiff to miss a filing date are out of her hands. Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990). Situations where equitable tolling is appropriate include when the plaintiff has received inadequate notice, a motion to appoint counsel is pending, the court leads the plaintiff to believe nothing more is required of her, or

there is affirmative misconduct by the defendant. <u>Baldwin County Welcome Ctr. v .Brown</u>, 466 U.S. 147, 151 (1984); <u>Hallgren</u>, 331 F.3d at 590-91 (discussing and applying <u>Baldwin</u>).

Here, Plaintiff is presumed to have received the denial of her appeal on February 18, 2005. Accordingly, the deadline for her to file this action was May 20, 2005. Plaintiff, however, did not file this action until May 25, 2006, more than a year after the deadline had passed. The Plaintiff is time-barred unless any of the reasons offered to explain the delay warrant this Court to equitably toll the time limitation. The Court finds that equitable tolling should not be invoked. Plaintiff had proper notice, was not awaiting judgment regarding the appointment of counsel, and was not misled by the Defendant or the Court. Caring for sick family members is not a sufficient reason to equitably toll the time limitation. Thus, the Plaintiff's claim is time-barred and the Defendant's Motion for Summary Judgment must be granted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 9) is **GRANTED** and the Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time of file Complaint (Doc. No. 4) and Plaintiff's Motion to Continue (Doc. No. 15) are **DENIED** as moot.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 19th day of October, 2006.

<u>/s/ Jean C. Hamilton</u>
UNITED STATES DISTRICT JUDGE